**PROPOSED ORDER**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re:                                                                                         Chapter 11
                                                                                                    Case No. 23-44119 (ESS)
RISE DEVELOPMENT PARTNERS, LLC,

                Debtor.
-----------------------------------------------------------X

## INTERIM ORDER AUTHORIZING THE DEBTOR TO (I) CONTINUE ITS CASH MANAGEMENT SYSTEM, AND (II) TEMPORARILY MAINTAIN ITS EXISTING BANK ACCOUNT

Upon the motion ("Motion")[1] filed by Rise Development Partners, LLC, the above-captioned debtor and debtor in possession ("Debtor"), by and through its proposed counsel, LaMonica Herbst and Maniscalco, LLP, pursuant to Bankruptcy Code sections 105, 345, 363 and Bankruptcy Rules 6003 and 6004 for entry of an interim and final order authorizing, but not directing, the Debtor to (i) continue using its cash management system, and (ii) temporarily maintain and continue to use its existing bank account; and the Court, having reviewed the Motion, and having heard the statements of counsel in support of the interim relief requested in the Motion at the hearing before the Court on November ____, 2023 ("Hearing"), the transcript of which is hereby incorporated herein by reference; and the Court having found that jurisdiction over this matter is proper pursuant to 28 U.S.C. §§ 157 and 1334 and this is a core matter pursuant to 28 U.S.C. § 157(b)(2), and notice of the Motion and the Hearing were sufficient under the circumstances and that no further notice need be given, and the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein, and that such relief is necessary to avoid immediate and irreparable harm to the Debtor's estate,

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED on an interim basis to the extent set forth herein.

2. The Debtor shall be and hereby is authorized to continue to manage the collection and disbursement of its cash utilizing its Cash Management System in the ordinary course of business consistent with its pre-petition practices.

3. Unless otherwise set forth herein, the Debtor is authorized to continue and maintain its existing Bank Account on an interim basis, until such time as such account shall be converted to a debtor in possession account, or closed (after all transfers have occurred) and a new debtor in possession account is established.

4. The Debtor may disburse funds from the Bank Account and/or any newly established debtor in possession account by check, draft, wire, debit, ACH transfer or by any other means.

5. J.P. Morgan Chase Bank ("Bank"), the bank where the Debtor holds its Bank Account, shall be and hereby is authorized, without the need for further order of this Court, to (a) continue to administer the Bank Account in the manner maintained prior to the Filing Date in the usual and ordinary course; and (b) receive, process and honor and pay any and all checks, drafts, wires or ACH transfers drawn on the Bank Account by the holders or makers thereof, as the case may be, drawn or issued by the Debtor (i) after the Filing Date, or (ii) prior to the Filing Date, for the payment of any and all amounts approved by this Court.

6. The Debtor's bank may rely on the representations of the Debtor with respect to whether any check or other payment order drawn or issued by the Debtor prior to the Filing Date should be honored pursuant to this or any other order of this Court, and such bank shall not have any liability to any party for relying on such representations by the Debtor as provided for herein.

7. The Debtor is authorized to maintain and continue using its current Business Forms, provided that such Business Forms and checks shall reflect its status as a debtor in possession.

8. The Debtor shall separately record the balance of the Bank Account as of the Filing Date and track post-petition activity by documenting any post-petition transactions in the Debtor's books and records to the same extent maintained by the Debtor prior to the Filing Date.

9. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this order shall be immediately effective upon its entry.

10. The Debtor is authorized to do such things, expend such funds, and perform such acts as may be reasonably necessary to implement and effectuate the terms of this Order.

11. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

12. A further hearing shall be held to consider the relief granted herein on a final basis on _____, 2023 at \_\_\_\_.m. ("Final Hearing"), by _____, before the Honorable Elizabeth S. Stong, United States Bankruptcy Judge, United States Bankruptcy Court for the Eastern District of New York, 271-C Cadman Plaza East, Brooklyn, New York 11201-1800.

13. Pending entry of an Order following the conclusion of the Final Hearing, the relief granted herein shall remain in effect on an interim basis.