**LaMonica Herbst & Maniscalco, LLP**
*Proposed Counsel to the Debtor*
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
(516) 826-6500
Adam P. Wofse, Esq.
*Proposed Counsel to the Debtor*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
In re:                                                                                    Chapter 11

                                                                                            Case No. 23-44119 (ESS)

RISE DEVELOPMENT PARTNERS, LLC,

                    Debtor.
----------------------------------------------------------X

## MOTION OF DEBTOR FOR AUTHORITY TO CONTINUE INSURANCE PREMIUM FINANCE AGREEMENT

Rise Development Partners, LLC ("Debtor"), the above-captioned debtor and debtor in possession, by and through its proposed counsel, LaMonica Herbst & Maniscalco, LLP, hereby submits this motion ("Motion") seeking authority to continue its Insurance Premium Finance Agreement, and in support thereof, states as follows:

### BACKGROUND

1. On November 10, 2023 ("Filing Date"), the Debtor filed a voluntary petition ("Petition") for relief pursuant to Subchapter V of Chapter 11 of Title 11 of the United States Code ("Bankruptcy Code") in the Bankruptcy Court for the Eastern District of New York ("Court").

2. The Debtor has elected to file this case under Subchapter V of Chapter 11 of the Bankruptcy Code, the Small Business Debtor Reorganization Act.

3. A Subchapter V trustee has not yet been appointed.

4. The Debtor remains in possession of its property and continues to operate and manage its properties and affairs as a debtor in possession pursuant to Bankruptcy Code sections 1107 and 1108.

5. The Debtor is a privately owned limited liability company established in 2016, operating as a as a general contracting and construction company, primarily in the area of interior renovations and new construction. The Debtor's principal place of business is 444 Coney Island Avenue, Brooklyn, New York 11218. The Debtor currently employs 18 people while operating its business in the normal course.

6. Shortly after the filing of its Petition, the Debtor filed the Declaration of Lawrence Rafalovich, pursuant to Local Bankruptcy Rule 1007-4 ("Rafalovich Declaration"). A detailed factual background of the Debtor's business and operations, as well as the events leading to the filing of this Chapter 11 case, is more fully set forth in the Rafalovich Declaration, which is incorporated herein by reference.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

8. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

9. The statutory predicates for the relief sought herein are Bankruptcy Code sections 105, 363, 1107 and 1108 and Rule 6003 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules").

**RELIEF REQUESTED AND BASIS FOR RELIEF**

10. In connection with the Debtor's business operations, it is necessary to maintain adequate insurance coverage, including among other things, general liability, automobile liability, and excess liability insurance coverage.

11. Pre-petition, the Debtor entered a Premium Finance Agreement ("Premium Finance Agreement") with First Insurance Funding ("Lender") specifically for the financing of the Debtor's general liability, automobile liability, and excess liability insurance coverage ("Policies"). The Debtor seeks Court approval to continue the Premium Finance Agreement upon the terms and conditions thereof. A true and correct copy of the Premium Finance Agreement is attached hereto as **Exhibit A**.

12. Pursuant to the Premium Finance Agreement (Quote number ending in 5449), Lender provided financing to the Debtor for the purchase of the Policies, which are essential for the operation of Debtor's business. Under the Premium Finance Agreement, the total amount of premiums, taxes and fees is $126,250.19. A down payment of $23,135.03 was paid pre-petition, and the Debtor is/was obligated to pay Lender the financed amount of $103,115.16 plus a finance charge of $3,402.09 (for a total of $106,517.25) in 9 monthly installments of $11,835.25 each. The installment payments are due on the 17th day of each month commencing on November 17, 2023.

13. As collateral to secure the repayment of the indebtedness under the Premium Finance Agreement, the Debtor granted Lender a security interest in, among other things, the unearned premiums of the Policies.

14. Pursuant to the terms of the Premium Finance Agreement, the Debtor appointed Lender as its attorney-in-fact with full authority to cancel the respective policy or policies and

collect the unearned premium in the event the Debtor is in default of its obligations under the Premium Finance Agreement.

15. The Debtor and Lender have reached an agreement under the Premium Finance Agreement that the adequate protection and/or payment appropriate for this situation would be as follows:

a) The Debtor be authorized and directed to timely make all payments due under the Premium Finance Agreement and the Lender be authorized to receive and apply such payments to the indebtedness owed by the Debtor to the Lender as provided in the Premium Finance Agreement.

b) If the Debtor does not make any of the payments due under the Premium Finance Agreement with regard to each respective Premium Finance Agreement, as they become due, the automatic stay shall automatically lift to enable the Lender and/or third parties, including insurance companies providing the coverage under the Policies financed under the respective Premium Finance Agreement in default, to take all steps necessary and appropriate to cancel the respective Policies, collect the collateral and apply such collateral to the indebtedness owed to the Lender by the Debtor. In exercising such rights, the Lender and/or third parties shall comply with the notice and other relevant provisions of the Premium Finance Agreement.

16. The Debtor believes that the terms of the Premium Finance Agreement are commercially fair and reasonable including the granting of a lien on the Policies and unearned premiums to Lender. The Debtor is required to maintain adequate insurance coverage and without it, would be forced to cease operations. The Debtor has been and remains unable to obtain unsecured credit to fund the Policies.

17. The relief requested by this Motion is warranted and appropriate under the circumstances. The Debtor submits that authorization for the continuation of the Premium

Finance Agreement, including the security interest granted therein, will ensure that the Debtor can continue necessary operations, and will not prejudice the legitimate interests of creditors and other parties in interest, including Debtor's secured creditors.

**WHEREFORE**, the Debtor respectfully requests entry of the Order authorizing it to continue the Premium Finance Agreement with Lender, including the continuance of the security interest granted therein, and the Debtor and Lender be authorized and directed to take all actions necessary or appropriate to effect the Premium Finance Agreement, and for such other and granting such other further relief as is just and proper.

Dated: November 10, 2023
      Wantagh, New York

**LAMONICA HERBST & MANISCALCO, LLP**
*Proposed Counsel for the Debtor and Debtor-in-Possession*

By: */s/ Adam P. Wofse*
Adam P. Wofse, Esq.
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
Telephone: (516) 826-6500