UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
In re:                                                              Chapter 11

                                                                    Case No. 23-44119 (ESS)

RISE DEVELOPMENT PARTNERS, LLC,

                        Debtor.
----------------------------------------------------------X

**ORDER AUTHORIZING THE DEBTOR TO CONTINUE INSURANCE PREMIUM**
**FINANCE AGREEMENT AND TO PROVIDE ADEQUATE PROTECTION**

Upon the Motion ("Motion")[1] of Rise Development Partners, LLC, the above-captioned

debtor and debtor in possession ("Debtor"), by and through its proposed counsel LaMonica

Herbst & Maniscalco, LLP, for entry of an order authorizing the Debtor to continue its Insurance

Premium Finance Agreement ("Agreement") with First Insurance Funding, or any successor or

assign ("Lender"); and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§

157 and 1334, and this being a core matter pursuant to 28 U.S.C. § 157(b)(2); and notice of the

Motion being sufficient under the circumstances, and that no further notice need be given; and

the legal and factual bases set forth in the Motion establishes just cause for the relief granted

herein, it is hereby **ORDERED THAT**:

1.        ~~The Motion is granted.~~

2.        The Debtor is authorized and directed to:

          (a) continue to perform its obligations under the Agreement,[2] annexed as **Exhibit**

              **A** to the Motion;

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.
[2] The Agreement does not (and shall not) provide for financing of automobile insurance for personal use vehicles.
For the avoidance of doubt, the Debtor shall not finance or otherwise pay insurance premiums with respect to the
personal vehicles of the Debtor's owner.

(b) continue to grant Lender a first priority lien on and security interest in unearned premiums as described in the Agreement; and

(c) timely make all payments due under the Agreement. Lender is authorized to receive and apply such payments to the indebtedness owed by the Debtor to Lender as provided in the Agreement.

3.    Without limitation, the lien, security interest and rights in unearned premiums granted under the Agreement are senior to the lien of any DIP lender, if any, in this case and are senior to any claims under 11 U.S.C. §§ 503, 506(b) or 507(b).

4.    If additional premiums become due to insurance companies under the policies financed under the Agreement, the Debtor and Lender are authorized to modify the Agreement as necessary to pay the additional premiums without the necessity of further hearing or order of this Court.

5.    In the event the Debtor does not make any of the payments under the Agreement as they become due, the automatic stay shall automatically lift, after the expiration of five business days' written notice provided by email to (a) Debtor's counsel, attention: Adam P. Wofse, Esq. (awofse@lhmlawfirm.com), (b) the Subchapter V Trustee, and (c) the Office of the United States Trustee, to enable Lender and or/third parties, including insurance companies providing the protection under the Policies, to take all steps necessary and appropriate to cancel the respective Policies financed under the respective Agreement in default, collect the collateral and apply such collateral to the indebtedness owed to Lender by the Debtor.

6.    Lender, or any third party, including insurance companies providing the coverage under the Policies, exercising such rights shall comply with the provisions of the Agreement.

7.      The Agreement, and the lien and security interest in the unearned premium granted pursuant hereto, shall continue in full force and effect and the indebtedness owed to Lender by the Debtor under the Agreement shall remain due and owing notwithstanding: (i) the dismissal or closure of the Debtor's case, (ii) the discharge of the Debtor, or (iii) the confirmation of a plan of reorganization.



Dated: Brooklyn, New York
      November 20, 2023

_____
Elizabeth S. Stong
United States Bankruptcy Judge