UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re:                                                                    Chapter 11
                                                                                Case No. 23-44119 (ESS)
RISE DEVELOPMENT PARTNERS, LLC,

                Debtor.
-----------------------------------------------------------X

**INTERIM ORDER AUTHORIZING: (A) THE PAYMENT OF CERTAIN PREPETITION WAGES AND SALARY; (B) THE PAYMENT OF CERTAIN WITHHOLDING AND PAYROLL TAXES; (C) THE PAYMENT OF EMPLOYEE BENEFITS; AND (D) DIRECTING BANKS TO HONOR RELATED PREPETITION TRANSFERS; AND (E) GRANTING RELATED RELIEF**

Upon the Motion ("Motion")[1] of Rise Development Partners, LLC, the above-captioned debtor and debtor in possession ("Debtor"), by and through its proposed counsel LaMonica Herbst & Maniscalco, LLP, pursuant to Bankruptcy Code sections 105(a), 507, 1107 and 1108 and Bankruptcy Rules 6003 and 6004, for entry of an Order authorizing the Debtor to (a) pay certain prepetition wages and salary, (b) pay related payroll fees and tax obligations (c) pay employee benefits; (d) directing banks to honor prepetition transfers related to the foregoing; and (e) granting related relief; and the Court, having reviewed the Motion and having heard the statements of counsel in support of the interim relief requested in the Motion at the hearing before the Court on November 20, 2023 ("Hearing"), finds that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, this is a core matter pursuant to 28 U.S.C. § 157(b)(2), and notice of the Motion and the Hearing were sufficient under the circumstances, and that no further notice need be given; and the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein, and that such relief is necessary to avoid immediate and irreparable harm to the Debtor's estate,

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

THEREFORE, IT IS HEREBY ORDERED THAT:

1. ~~The Motion is GRANTED on an interim basis to the extent set forth herein.~~

2. The Debtor shall be and hereby is authorized, but not directed, to pay, in its discretion, the prepetition wages and/or salary relating to its Employees up to the statutory cap of $15,150.00 per Employee,[2] and to remit all prepetition withholding obligations, payroll taxes and employee benefits to the appropriate third parties.

3. The Debtor's payments for its Employees' health insurance benefit premiums and for its mandatory worker's compensation insurance premium, covering any pre-petition period, are approved.

4. Notwithstanding anything to the contrary, no payment to or on account of any one Employee for prepetition compensation or benefits shall exceed the aggregate statutory limit of $15,150.00, pursuant to 11 U.S.C. §§ 507(a)(4) and 507(a)(5).

5. All banks shall be and hereby are authorized and directed to receive, process, honor and pay all checks drawn on the Debtor's accounts with the banks and fund transfers on account of the Debtor's prepetition obligations as set forth herein, whether presented before or after the Filing Date, provided that sufficient funds are on deposit in the applicable accounts to cover such payments.

6. The Debtor shall be and hereby is authorized, in its discretion, on account of its prepetition obligations as set forth herein, (a) to issue new post-petition checks or effect new post-petition fund transfers, and (b) to replace any prepetition checks or fund transfer requests that may be dishonored or rejected.

---

[2] The Employees are all W2 employees.

7. Notwithstanding Bankruptcy Rules 6004(h), the terms and conditions of this Order shall be immediately effective upon its entry.

8. The Debtor is authorized to do such things, expend such funds, and perform such acts as may be reasonably necessary to implement and effectuate the terms of this Order.

9. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

10. A further hearing shall be held to consider the relief granted herein on a final basis on **December 21, 2023 at 10:30 a.m.** ("Final Hearing"), by video conference, before the Honorable Elizabeth S. Stong, United States Bankruptcy Judge, United States Bankruptcy Court for the Eastern District of New York, 271-C Cadman Plaza East, Brooklyn, New York 11201-1800.

11. Pending entry of an Order following the conclusion of the Final Hearing, the relief granted herein shall remain in effect on an interim basis.



Dated: Brooklyn, New York
November 20, 2023

_____
Elizabeth S. Stong
United States Bankruptcy Judge