UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re:                                                              Chapter 11
                                                                    Case No. 23-44119 (ESS)
RISE DEVELOPMENT PARTNERS, LLC,

                Debtor.
-----------------------------------------------------------X

**FINAL ORDER AUTHORIZING: (A) THE PAYMENT OF CERTAIN PREPETITION WAGES AND SALARY; (B) THE PAYMENT OF CERTAIN WITHHOLDING AND PAYROLL TAXES; (C) THE PAYMENT OF EMPLOYEE BENEFITS; AND (D) DIRECTING BANKS TO HONOR RELATED PREPETITION TRANSFERS; AND (E) GRANTING RELATED RELIEF**

Upon the Motion (Doc. No. 5) ("Motion")[1] of Rise Development Partners, LLC, the above-captioned debtor and debtor in possession ("Debtor"), by and through its proposed counsel LaMonica Herbst & Maniscalco, LLP, pursuant to Bankruptcy Code sections 105(a), 507, 1107 and 1108 and Bankruptcy Rules 6003 and 6004, for entry of an Order authorizing the Debtor to (a) pay certain prepetition wages and salary, (b) pay related payroll fees and tax obligations (c) pay employee benefits; (d) directing banks to honor prepetition transfers related to the foregoing; and (e) granting related relief; and this Court having found that notice of the Motion was appropriate under the circumstances and no other notice need be provided; and upon the Court having held a hearing on November 20, 2023 to consider the interim relief requested in the Motion on an interim basis ("Interim Hearing"); and upon the Court having entered an order granting the relief requested in the Motion on an interim basis (Doc. No. 33); and upon a final hearing to consider the Motion having been held on January 5, 2024 at 10:30 a.m. ("Final Hearing"); and the Court, having reviewed the Motion and having heard the statements of counsel in support of the final relief requested in the Motion at the Final Hearing; and upon the

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

record of the Interim Hearing and the Final Hearing, the records of which are incorporated herein by reference; and the Court finding that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and that this is a core matter pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that the relief requested in the Motion being in the best interests of the Debtor, its creditors, and all parties in interest; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein and that such relief is necessary to avoid immediate and irreparable harm to the Debtor's estate,

THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Debtor shall be and hereby is authorized, but not directed, to pay, in its discretion, the prepetition wages and/or salary relating to its Employees up to the statutory cap of $15,150.00 per Employee,[2] and to remit all prepetition withholding obligations, payroll taxes and employee benefits to the appropriate third parties.

2. The Debtor's payments for its Employees' health insurance benefit premiums and for its mandatory worker's compensation insurance premium, covering any pre-petition period, are approved.

3. Notwithstanding anything to the contrary, no payment to or on account of any one Employee for prepetition compensation or benefits shall exceed the aggregate statutory limit of $15,150.00, pursuant to 11 U.S.C. §§ 507(a)(4) and 507(a)(5).

4. All banks shall be and hereby are authorized and directed to receive, process, honor and pay all checks drawn on the Debtor's accounts with the banks and fund transfers on account of the Debtor's prepetition obligations as set forth herein, whether presented before or

---

[2] The Employees are all W2 employees.

after the Filing Date, provided that sufficient funds are on deposit in the applicable accounts to cover such payments.

5.    The Debtor shall be and hereby is authorized, in its discretion, on account of its prepetition obligations as set forth herein, (a) to issue new post-petition checks or effect new post-petition fund transfers, and (b) to replace any prepetition checks or fund transfer requests that may be dishonored or rejected.

6.    Notwithstanding Bankruptcy Rules 6004(h), the terms and conditions of this Order shall be immediately effective upon its entry.

7.    The Debtor is authorized to do such things, expend such funds, and perform such acts as may be reasonably necessary to implement and effectuate the terms of this Order.

8.    The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: Brooklyn, New York
January 9, 2024



_____
Elizabeth S. Stong
United States Bankruptcy Judge