| | |
|---|---|
| **LaMonica Herbst & Maniscalco, LLP**<br>*Proposed Counsel to the Debtors*<br>3305 Jerusalem Avenue, Suite 201<br>Wantagh, New York 11793<br>Telephone: 516-826-6500<br>Adam P. Wofse, Esq. | **Hearing Date:  March 8, 2024 at 10:30 a.m.**<br>**Objections Due:  March 1, 2024 at 4:00 p.m.** |

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re:

RISE DEVELOPMENT PARTNERS, LLC,

                Debtor.
-----------------------------------------------------------X

Chapter 11

Case No. 23-44119 (ESS)

### NOTICE OF DEBTOR'S MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE DEBTOR TO USE CASH COLLATERAL AND PROVIDE ADEQUATE PROTECTION

**PLEASE TAKE NOTICE,** that on **March 8, 2024 at 10:30 a.m.**, or as soon thereafter as counsel may be heard, a hearing (the "Hearing") shall be held before the Honorable Elizabeth S. Stong, United States Bankruptcy Judge, United States Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Court"), 271-C Cadman Plaza East, Brooklyn, New York 11201-1800, on the motion (the "Motion") of Rise Development Partners, LLC, the debtor and debtor-in-possession (the "Debtor") in the above captioned case, by and through its proposed counsel, LaMonica Herbst & Maniscalco, LLP, seeking entry of an Order authorizing the Debtor's use of cash collateral and granting adequate protection to secured creditor, and granting such other, further and different relief as this Court deems just and proper.

**PLEASE TAKE FURTHER NOTICE,** that the Hearing may be held by telephone, video or in person, as the Court deems appropriate. Any party intending to appear at the Hearing must register with eCourt Appearances, at https://ecf.nyeb.uscourts.gov/cgi-bin/eCourtAppearances.pl, at least two (2) business days prior to the Hearing. Instructions for registering with eCourt Appearances can be found at: https://www.nyeb.uscourts.gov/registering-remote-hearing-

1

appearance-using-ecourt-appearances. In the event that you are not able to register online, you may call or email Judge Stong's courtroom deputy for instructions at (347) 394-1864, ess_hearings@nyeb.uscourts.gov, at least two (2) business days prior to the hearing date. Further information may be found of the Court's webpage at: https://www.nyeb.uscourts.gov/content/judge-elizabeth-s-stong.

**PLEASE TAKE FURTHER NOTICE,** that objections, if any, to the relief requested in the Motion, must be in writing, conform with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, and be filed with the Court, with a courtesy copy to the Chambers of the Honorable Elizabeth S. Stong, United States Bankruptcy Judge, no later than **March 1, 2024 at 4:00 p.m.** (the "Objection Deadline") as follows: (a) through the Court's electronic filing system, which may be accessed through the internet at the Court's website at www.nyeb.uscourts.gov, in portable document format (PDF) using Adobe Exchange Software for conversion; or (b) if a party is unavailable to file electronically, such party shall submit the objection in PDF format on a compact disc in an envelope with the case name, case number, type and title of document, document number to which the objection refers and the file name on the outside of the envelope. Courtesy copies of any objections must also be sent so as to be received by the Objection Deadline to proposed counsel to the Debtor, LaMonica Herbst & Maniscalco, LLP, 3305 Jerusalem Avenue, Suite 201, Wantagh, New York 11793, Attn: Adam P. Wofse, Esq.

Dated: January 25, 2024
      Wantagh, New York

                      **LAMONICA HERBST & MANISCALCO, LLP**
                      *Proposed Counsel for the Debtor*

                      By:    */s/ Adam P. Wofse*
                            Adam P. Wofse, Esq.
                            3305 Jerusalem Avenue, Suite 201
                            Wantagh, New York 11793
                            Telephone: (516) 826-6500

**LAMONICA HERBST & MANISCALCO, LLP**
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
Telephone: (516) 826-6500
Adam P. Wofse, Esq.
Cristina M. Lipan, Esq.
*Proposed Counsel for the Debtor and Debtor-in-Possession*

Hearing Date: March 8, 2024 at 10:30 a.m.
Objections Due: March 1, 2024 at 4:00 p.m.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re:

RISE DEVELOPMENT PARTNERS, LLC,

      Debtor.
-----------------------------------------------------------X

Chapter 11
Case No. 23-44119 (ESS)

## DEBTOR'S MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE DEBTOR TO USE CASH COLLATERAL AND PROVIDE ADEQUATE PROTECTION

**TO: THE HONORABLE ELIZABETH S. STONG**
   **UNITED STATES BANKRUPTCY JUDGE**

Rise Development Partners, LLC ("Debtor"), the above-captioned debtor and debtor in possession, by and through its proposed counsel, LaMonica Herbst & Maniscalco, LLP, respectfully represents and sets forth as follows:

1. By this motion ("Motion"), the Debtor respectfully seeks the entry of an Order, pursuant to sections 361, 363(c) and 363(e) of Title 11 of the United States Code ("Bankruptcy Code"), and Rule 4001(b) of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), (a) authorizing the Debtor's use of the cash collateral ("Cash Collateral")[1] of its first priority secured creditor, the U.S. Small Business Administration ("SBA"), in order to avoid immediate

---

[1] The Debtor's Cash Collateral consists of accounts receivable (in the approximate amount of $1,173,181) and possibly funds on deposit (in the approximate amount of $100,000) as of the Filing Date, both of which are subject to Lien Law (as defined below) trust fund payables.

and irreparable harm to the Debtor, its estate and creditors, and (b) providing adequate protection to the SBA.

2. Immediately upon filing of the petition, the Debtor, through its undersigned proposed counsel, sought communications with the SBA to negotiate the consensual use of the Cash Collateral. As of the Filing Date (as defined below), the SBA had consented to the Debtor's use and consents to the present and continued use of the Cash Collateral for necessary expenditures in the ordinary course of the Debtor's business, pending the entry of the Order requested in connection herewith. The Debtor and the SBA, through counsel, extensively conferred and negotiated the proposed Order annexed to the Motion, and the SBA consents to the entry of such Order. Furthermore, the parties submitted the form of proposed Order to the Office of the United States Trustee prior to the filing of this Motion, and the U.S. Trustee's comments were incorporated therein, with no further comment by the U.S. Trustee remaining. Accordingly, an Order of the Court, substantially in the form as annexed to the Motion authorizing the Debtor's use of such Cash Collateral, satisfies the requirements of Bankruptcy Code § 363(c)(2)(A) and (B).

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

4. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5. The statutory predicates for the relief sought herein include Bankruptcy Code sections 361, 363(c) and 363(e), Bankruptcy Rules 4001 and 9014, and Rule 4001-5 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Eastern District of New York ("Local Rules").

## BACKGROUND

6. On November 10, 2023 ("Filing Date"), the Debtor filed a voluntary petition ("Petition") for relief pursuant to Subchapter V of Chapter 11 ("Chapter 11 Case") of the Bankruptcy Code in the Bankruptcy Court for the Eastern District of New York ("Court").

7. Heidi J. Sorvino was appointed as the Subchapter V Trustee.

8. The Debtor remains in possession of its property and continues to operate and manage its properties and affairs as a debtor in possession pursuant to Bankruptcy Code sections 1107 and 1108.

9. The Debtor is a privately owned limited liability company established in 2016, operating as a general contracting and construction company, primarily in the area of interior renovations and new construction. The Debtor's principal place of business is 444 Coney Island Avenue, Brooklyn, New York 11218.

10. Shortly after the filing of its Petition, the Debtor filed the Declaration of Lawrence Rafalovich, pursuant to Local Bankruptcy Rule 1007-4 ("Rafalovich Declaration"). A detailed factual background of the Debtor's business and operations, as well as the events leading to the filing of this Chapter 11 case, is more fully set forth in the Rafalovich Declaration, which is incorporated herein by reference.

11. Prior to commencement of this Chapter 11 Case, the Debtor incurred a loan obligation to the SBA in the principal amount of $150,000.00 ("Loan"). The balance of the Loan, as of the Filing Date and as asserted by the SBA is $162,977.50.

12. The SBA has asserted that it holds a lien against all assets of the Debtor ("Collateral"), to secure the Loan.

13. Among other things, except as set forth below, the proceeds of the Debtor's operations and collection of accounts receivables constitute cash collateral as defined in Bankruptcy Code section 363(a).

14. The Debtor must pay certain costs and expenses necessary to operate, preserve and maintain its business, including without limitation, salaries, supplies and other expenses, as well as payments to subcontractors, suppliers and materialmen, pursuant to Article 3-A of the New York Lien Law (the "Lien Law").

15. Accordingly, the Debtor requires use of the Cash Collateral to enable the Debtor to continue its business operations. For all the reasons set forth herein, the Debtor respectfully requests that the Court authorize the Debtor's use of the Cash Collateral and the form of adequate protection provided by the Debtor to the SBA, for the benefit of the Debtor's estate and creditors.

## CONCISE STATEMENT PURSUANT TO
## BANKRUPTCY RULE 4001 – USE OF CASH COLLATERAL

16. Bankruptcy Rule 4001(b)(1)(B) and Local Rule 4001-5 require the following list for this Motion seeking the use of cash collateral:

(i) The SBA is the entity with an asserted interest in the Cash Collateral.

(ii) The Cash Collateral is needed to pay for the Debtor's ordinary, necessary, and reasonable operating expenses, including without limitation, salaries, supplies and other expenses, as well as payments to subcontractors pursuant to the Lien Law[2].

(iii) The Debtor shall be permitted to spend such Cash Collateral for expenditures in the ordinary, necessary and reasonable operation of its business.

---

[2] Proceeds constituting trust funds under the Lien Law are not property of the Debtor's estate, do not constitute Cash Collateral, and are paid to such trust fund beneficiaries upon receipt of such funds.

4

(iv) As set forth herein and in the proposed Order, the Debtor anticipates providing adequate protection to the SBA in the form of: (i) adequate protection payments of $731 per month ("Adequate Protection Payments"), representing the monthly payment under the Loan, and (ii) a post-petition replacement lien upon and security interest in all assets of the Debtor ("Cash Collateral") which lien shall be senior to all other security interest in, liens upon or claims against any of the Collateral, except to the extent any prior lien existed against such Collateral as of the Filing Date, ("Adequate Protection Lien"), and subject to the Carveout (as defined below).

(v) As set forth herein and in the proposed Order, it is anticipated that the use of the Cash Collateral will include a carve out for: (i) United States Trustee quarterly fees (inapplicable in this subchapter V case), (ii) certain fees and expenses of a Chapter 7 trustee, (iii) certain fees and expenses of the Debtor's retained professionals, and (iv) all avoidance actions and proceeds thereof (collectively, "Carveout").

## USE OF THE COLLATERAL

17. The Debtor requires the use of the Cash Collateral in order to avoid immediate and irreparable harm to the Debtor, its estate and creditors. The Debtor must pay certain costs and expenses necessary to operate, preserve and maintain its business, including without limitation, payroll, insurance, cost of goods and supplies, vehicle and equipment expenses, utilities, telephone and computer, and other expenses, as well as payments to subcontractors, suppliers and materialmen, pursuant to the Lien Law.[3] Absent the use of the Cash Collateral, the Debtor's estate and assets will be irreparably harmed because the Debtor will default on its construction projects and be unable to meet its business obligations.

18. Immediately upon the filing of the Petition, Debtor's proposed counsel sought to communicate with the SBA to begin discussions concerning the consensual use of the Cash Collateral. As a result of such discussions, the SBA authorized the Debtor to use the Cash Collateral for its ordinary business expenditures. Indeed, on November 20, 2023, the Debtor, by

---

[3] The Debtor's expenditure of funds will be subject to the condition that the proceeds of the Debtor's construction contracts shall first be used to pay any and all trust fund obligations against such monies in accordance with the Lien Law.

5

its proposed counsel, filed a letter confirming the SBA's consent to the Debtor's present use of cash collateral for necessary expenditures in the ordinary course of the Debtor's business, pending entry of the proposed (consent) Order. <u>See</u> Doc. No. 30. The Debtor, by its proposed counsel, had continued its discussions with the SBA through its counsel, and consensually negotiated the continued use of such Cash Collateral, upon the terms and conditions set forth in the form of proposed Order.

19.     In consideration for the use of the Cash Collateral and to secure only the Debtor's post-petition use of the Cash Collateral and the diminution of the value thereof, the Debtor anticipates, subject to Court approval, (i) paying Adequate Protection Payments to the SBA in the amount of $731.00 per month, and (ii) granting the Adequate Protection Lien to the SBA (as described above).

## RELIEF REQUESTED AND BASIS FOR RELIEF

20.     It is critical for the continuation of the Debtor's business for the Debtor to utilize such funds to pay its ordinary, necessary, and reasonable operating expenses. This is required to preserve, protect and maintain the value of the Debtor's assets for the benefit of the Debtor, its estate and creditors.

**Bankruptcy Code section 363(c)**

21.     Bankruptcy Code § 363, entitled "Use, sale, or lease of property", at subsection (c), provides:

> (1) If the business of the debtor is authorized to be operated under section 721, 1108, 1203, 1204, or 1304 of this title and unless the court orders otherwise, the trustee may enter into transactions, including the sale or lease of property of the estate, in the ordinary course of business, without notice or a hearing, and may use property of the estate in the ordinary course of business without notice or a hearing.

> (2) The trustee may not use, sell, or lease cash collateral under paragraph (1) of this subsection unless--

Case 1-23-44119-ess    Doc 54    Filed 01/26/24    Entered 01/26/24 10:55:07

>> (A) each entity that has an interest in such cash collateral consents; or
>
> (B) the court, after notice and a hearing, authorizes such use, sale, or lease in accordance with the provisions of this section.

11 U.S.C. § 363(c).

22. Furthermore, subsection (c)(3) of Bankruptcy Code section 363 states:

> (3) Any hearing under paragraph (2)(B) of this subsection may be a preliminary hearing or may be consolidated with a hearing under subsection (e) of this section, but shall be scheduled in accordance with the needs of the debtor. If the hearing under paragraph (2)(B) of this subsection is a preliminary hearing, the court may authorize such use, sale, or lease only if there is a reasonable likelihood that the trustee will prevail at the final hearing under subsection (e) of this section. The court shall act promptly on any request for authorization under paragraph (2)(B) of this subsection.

U.S.C. § 363(c)(3).

**Bankruptcy Code sections 361 and 363(e)**

23. Bankruptcy Code section 363(e) provides that a party with an interest in property proposed to be used, sold or leased by the debtor may receive adequate protection of such interest before a debtor may use, sell or lease such property. 11 U.S.C. § 363(e).

24. Adequate protection is a flexible concept that is determined by considering the facts of each case. See In re O'Connor, 808 F.2d 1393, 1396–97 (10th Cir. 1987) ("'[A]dequate protection' [is] a concept which is to be decided flexibly on the proverbial 'case by case' basis." (citations omitted)). While Bankruptcy Code § 361 does not itself address the issue of the date of valuation of a creditor's collateral for purposes of determining whether adequate protection exists, the House Report discussion of the language of Bankruptcy Code § 361 explains:

> The section does not specify how value is to be determined, nor does it specify when it is to be determined. These matters are left to case-by-case interpretation and development. It is expected that the courts will apply the concept in light of facts of each case and general equitable principles. It is not intended that the courts will develop a hard and fast rule that will apply in every case. The time and method of valuation is not specified

7

> precisely, in order to avoid that result. . . . [F]lexibility is important to permit the courts to adapt to varying circumstances and changing modes of financing.

H.R. REP. NO. 95-595, 95th Cong., 1st Sess. 339 (1978), reprinted in 1978 U.S.C.C.A.N. 5963, 6295; see Paccom Leasing Corp. v. Deico Elecs., Inc. (In re Deico Elecs., Inc.), 139 B.R. 945, 947 (B.A.P. 9th Cir. 1992).

25. Thus, "the protection afforded a creditor whose cash collateral is permitted by the Court to be used by a debtor in possession is whatever condition is deemed necessary to provide adequate protection of the creditor's interest." In re Quality Beverage Co., 181 B.R. 887, 896 (Bankr. S.D. Tex. 1995).

26. Bankruptcy Code section 361 provides three non-exclusive means of providing adequate protection. These alternatives include requiring the debtor to make a cash payment or periodic cash payments to the extent of a decrease in the value of the property. 11 U.S.C. § 361(1). Alternatively, a debtor may provide an additional or replacement lien to the extent of a decrease in the value of the property. 11 U.S.C. § 361(2). Lastly, adequate protection may be provided by granting other relief that will result in the indubitable equivalent of the interest in the property. 11 U.S.C. § 361(3).

27. In the absence of approval to use the Cash Collateral, the Debtor will be unable to operate and will be forced to close the business, surrender its assets, default on its remaining construction jobs, and fire all employees. Further, without the use of the Cash Collateral, the chances for a successful reorganization, which may include a liquidation, and the ability to realize maximum value for the benefit of creditors will effectively be eradicated.

28. As stated above, the SBA has authorized the Debtor to use the Cash Collateral for all such ordinary and necessary business expenditures in the operation of its business in this case, These amounts do not reflect any expenditures for the purchase of any new business or office

8

equipment, but rather are for the usual and customary expenditures of the Debtor incurred within the ordinary course of business. Because the Debtor has no source of cash to pay for ongoing operations, other than the Cash Collateral, the Debtor has a critical need to use the Cash Collateral.

**The SBA is Adequately Protected**

29. The Debtor submits that authorization of the Debtor's use of the Cash Collateral will benefit all creditors, including the SBA, by minimizing disruption to the operation of the Debtor's business while enabling the Debtor to continue its reorganization efforts, which may include a liquidation. Further, the Debtor asserts that the use of the Cash Collateral, as requested herein by the Debtor, and upon the terms and conditions as described herein, does not substantially impair the rights of the SBA.

30. The Debtor respectfully requests that this Court authorize the Debtor's use of the Cash Collateral, upon the conditions set forth herein and the proposed Order. The Debtor proposes to: (i) pay the SBA Adequate Protection Payments in the amount of $731 per month, and (ii) grant the SBA an Adequate Protection Lien in the form of a replacement lien against and security interest in all assets of the Debtor, as described above, to the extent that such liens existed immediately prior to the Filing Date and for any diminution in value. Such replacement lien and aforementioned payment provide the SBA with adequate protection.  Regarding the payments, the Debtor is current with post-petition adequate protection payments to the SBA.

31. To the extent the funds received by the Debtor consist of certain proceeds of the Debtor's construction contracts, the Adequate Protection Lien shall be subordinate to the payment of all valid Lien Law trust fund obligations with respect to such projects. Further, to the extent the Collateral consists of any of the Debtor's vehicles or equipment, the Adequate

9

Protection Lien shall be subordinate to the existing liens on such vehicles and/or equipment as they existed as of the Filing Date.

32. Accordingly, the Debtor submits that the SBA is adequately protected.

**Carve-Out**

33. As negotiated and set forth in the proposed Order, the use of the Cash Collateral will include a Carveout for: (i) United States Trustee quarterly fees (inapplicable in this subchapter V case), (ii) fees and expenses of a Chapter 7 trustee in the amount of $10,000.00, (iii) fees and expenses of the Debtor's retained professionals in the amount of $30,000.00, and (iv) all avoidance actions and proceeds thereof.

### NOTICE; NO MEMORANDUM REQUIRED; NO PRIOR REQUEST

34. In accordance with Bankruptcy Rules 4001(b) and 9014, the Debtor intends to serve a copy of this Motion and a notice of hearing, by first-class mail upon: (a) the SBA, through counsel, (b) the subchapter V trustee, (c) the United States Trustee; (d) all parties that filed Notices of Appearances in the case; (e) all known creditors, and (f) all applicable taxing authorities and governmental units.

35. The Debtor submits that this Motion cites the relevant statutory authority and rules for the relief requested, does not raise any novel issues of law, and therefore this Motion complies with Local Bankruptcy Rule 9013-1(a). Accordingly, no separate memorandum of law is required in connection with this Motion.

36. No previous application for the relief requested herein has been made to this or any other Court.

### CONCLUSION

37. The Debtor respectfully submits that use of the Cash Collateral as requested herein is in the best interests of the creditors of the estate, and furthermore, is not prejudicial to

the SBA or other creditors. Moreover, it cannot be overstated that the use of the Cash Collateral will also allow the Debtor to continue its business operations and complete its construction projects, which will preserve and maximize value in connection with its reorganization, which may include a liquidation. Indeed, the SBA and the Debtor, through their respective counsel, negotiated the terms and conditions of the use of the Cash Collateral as set forth herein and in the proposed form of Order. Therefore, the Debtor respectfully requests that the Court authorize the use of the Cash Collateral pursuant to Bankruptcy Code section 363(c)(2) and Bankruptcy Rule 4001(b).

**WHEREFORE,** the Debtor requests the entry of an Order, substantially in the form annexed to the Motion, authorizing the Debtor's use of the Cash Collateral, providing adequate protection, and granting the Debtor such other, further, and different relief as may be just and proper.

Dated: January 25, 2024  
Wantagh, New York

**LaMONICA HERBST & MANISCALCO, LLP**  
Proposed Counsel for the Debtor and Debtor-in-Possession

By: *s/ Adam P. Wofse*  
Adam P. Wofse, Esq.  
Cristina M. Lipan, Esq.  
3305 Jerusalem Avenue, Suite 201  
Wantagh, New York 11793  
Tel.: 516.826.6500  
awofse@lhmlawfirm.com  
cl@lhmlawfirm.com