UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re:                                                                                      Chapter 11

                                                                                              Case No. 23-44119 (ESS)
RISE DEVELOPMENT PARTNERS, LLC,

                      Debtor.
-----------------------------------------------------------X

## STIPULATION AND ORDER GRANTING LIMITED RELIEF FROM THE AUTOMATIC STAY AS IT IS APPLIES TO BONIFACIO MUNOZ

This Stipulation and Order Granting Limited Relief from the Automatic Stay is made by and between Rise Development Partners, LLC ("Debtor"), and Bonifacio Munoz ("Munoz") and, together with the Debtor, the ("Parties"), acting by and through their undersigned counsel.

## RECITALS

A.      On November 10, 2023 ("Filing Date"), the Debtor filed a voluntary petition ("Petition") for relief pursuant to Subchapter V of Chapter 11 of Title 11 of the United States Code ("Bankruptcy Code") in the Bankruptcy Court for the Eastern District of New York ("Bankruptcy Court").

B.      Heidi J. Sorvino, Esq. has been appointed as the Subchapter V Trustee.

C.      Since the Filing Date, the Debtor has continued in the management of its business and operation of its affairs and properties as a debtor-in-possession pursuant to Bankruptcy Code §§ 1107 and 1108.

D.      Prior to the Filing Date, on or around October 2, 2020, an action was commenced by Munoz in the Supreme Court of New York, Queens County against multiple defendants, including the Debtor (together, "Defendants"), Index No. 717477/2020 ("Action"). The Action relates to personal injuries sustained by Munoz in connection with the alleged negligence of the Defendants during a construction project.

E.  At the time of the injury, Debtor had liability insurance coverage including: (i) Commercial General Liability with Accredited Surety and Casualty Company, Inc., and (ii) Commercial Excess Liability with the Princess Excess and Surplus Lines Insurance Company.

F.  Munoz seeks relief from the automatic stay pursuant to Bankruptcy Code § 362(a) to permit the prosecution of the Action, but only to the extent of Debtor's existing insurance coverage, insofar as such proceeds are not an asset of the Debtor's estate or otherwise available to the creditor body.

G.  Munoz filed a claim numbered 4 against the Debtor's estate on November 29, 2023, in the general unsecured amount of $10,000,000 ("Munoz Claim")

H.  The Debtor has no objection to the continuation of the Action on the terms and conditions set forth herein.

## TERMS AND CONDITIONS

1.  The automatic stay is hereby modified to permit Munoz to continue the prosecution of the Action as against the Debtor. In the event of any judgment or settlement against the Debtor in the Action, Munoz may satisfy such judgment or settlement to the extent of the limits of the existing insurance coverage that is applicable to the Debtor, provided, however, that any settlement of the Action, or judgment rendered in the Action as against the Debtor, may not exceed the applicable limits for any such insurance coverage applicable to the Debtor, and provided further that the Debtor shall have no obligation to expend any assets of the Debtor's estate in connection with any aspect of the Action, or otherwise be required, for any reason, to participate in the Action.

2.  Munoz hereby waives and releases any and all claims he may have against the Debtor's estate, inclusive of the Munoz Claim, whether filed or unfiled, and any right to file a proof of claim for any amount in excess of the insurance coverage.

3. Nothing contained in this Stipulation is intended to be or should be construed as an admission of liability by the Debtor and/or any of its respective parties named in the Action ("Covered Parties") with respect to the allegations related to any of the claims asserted therein who may be entitled to coverage under any applicable insurance policies, and all the rights, claims and defenses of any Covered Parties with respect to the Action are hereby expressly reserved.

4. Nothing in this Stipulation is intended to, or does, modify or alter the contractual rights and obligations provided for under the terms and provisions of any relevant insurance policy.

5. Neither this Stipulation nor any actions taken pursuant hereto shall constitute evidence admissible against the Parties in any action other than one to enforce the terms of this Stipulation.

6. This Stipulation shall be binding upon and inure to the benefit of the Parties and their respective heirs, successors and assigns, executors, administrators, and legal representatives.

7. This Stipulation may only be amended or otherwise modified by a signed writing executed by the Parties or by further order of the Bankruptcy Court.

8. The Parties represent and warrant to each other that the signatories to this Stipulation are authorized to execute the Stipulation, that each has full power and authority to enter into this Stipulation and that this Stipulation is duly executed and delivered, and constitutes a valid, binding agreement in accordance with its terms, provided that, with respect to the Debtor, this Stipulation requires approval of the Bankruptcy Court.

9. This Stipulation constitutes the entire agreement and understanding between the Parties with respect to its subject matter and supersedes all previous or contemporaneous oral or written representations, understandings or agreements with respect thereto.

10. This Stipulation may be executed in counterparts and each such counterpart together with the others shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation to present any copy, copies or facsimiles signed by the Party to be charged.

11. The Bankruptcy Court shall retain jurisdiction to resolve any disputes or controversies arising from or related to this Stipulation.

12. This Stipulation shall be governed by the laws of the State of New York and to the extent applicable, the Bankruptcy Code without regard to the State of New York's rules governing the conflict of laws.

13. This Stipulation shall not be effective until it is so ordered by the Bankruptcy Court.

Dated: March 4, 2024
      Wantagh, New York

**LaMONICA HERBST & MANISCALCO, LLP**
Counsel for the Debtor and Debtor-in-Possession

By: *s/ Adam P. Wofse*
Adam P. Wofse, Esq.
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
Telephone: (516) 826-6500

Dated: March 4, 2024
      New York, New York

**WINGATE RUSSOTTI SHAPIRO MOSES & HALPERIN, LLP**
Counsel for Bonifacio Munoz

By: *s/ Noah Katz*
Noah Katz, Esq.
420 Lexington Avenue, Suite 2700
New York, New York 10170
Telephone: (212) 986-7353

**SO ORDERED**: