```
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------X
In re:
                                              Case No: 23-44119-ess

RISE DEVELOPMENT PARTNERS, LLC,               Chapter 11

                    Debtor.                   (Stong, Bankr. J.)
------------------------------------X
```

## ORDER FOR USE OF CASH COLLATERAL

Debtor *is* seeking the authorization to use cash collateral pursuant to 11 U.S.C. § 363(c)(2) for customary expenditures in the ordinary course of its business, and to provide adequate protection to the Small Business Administration (the "SBA"), and upon consideration of the motion and all pleadings related thereto; and it appearing that the relief requested is in the best interests of the Debtor's estate, its creditors and other parties in interest; and after due deliberation, and good and sufficient cause appearing therefor, it is hereby:

**ORDERED** that the Debtor is authorized to use cash collateral from the Petition Date (as defined in the Motion) for customary expenditures in the ordinary course of its business, and to provide adequate protection to the SBA, upon the terms and conditions set forth in this Order; and it is further

**ORDERED** that:

a.  Adequate Protection Payments. The Debtor is authorized and directed to remit monthly adequate protection payments in the amount of $731.00 to the SBA (the "Adequate Protection Payments"), to be paid by the fifth (5th) day of the month, or, if such date falls on a Saturday, Sunday, or legal holiday, the next business day thereafter. The Debtor is current with post-petition Adequate Protection Payments and shall continue to make such payments through confirmation of a plan. The Adequate Protection Payments made hereunder shall be applied in the

discretion of the SBA as to principal and interest, and any other amounts provided under the pre-petition loan documents, if any.

      b.      <u>Adequate Protection Liens</u>. To the extent of any diminution in the value of the SBA's collateral, including its cash collateral, the SBA is hereby granted valid, binding and enforceable post-petition replacement liens upon and security interests in all assets of the Debtor, regardless of whether such assets are acquired by the Debtor prior to the Petition Date or after the Petition Date (the "Collateral") which liens, except for liens on vehicles and/or equipment as of the Petition Date, shall be senior to all other security interest in, liens upon or claims against any of the Collateral (the "Adequate Protection Liens"), subject to the Carveout (defined below). The Adequate Protection Liens shall be effective and perfected as of the Petition Date and without the necessity of the execution, recording or filing of mortgages, security agreements, pledge agreements, financing statements or other documents). The Adequate Protection Liens shall be enforceable against the Debtor, its estate and any successors thereto, including without limitation, any trustee or other estate representative appointed in this case, or any case under Chapter 7 of the Bankruptcy Code upon the conversion of this Chapter 11 case, or in any other proceedings superseding or related to any of the foregoing (collectively, the "Successor Cases").

      c.      <u>Carveout</u>. The Carveout shall include (i) the payment of the United States Trustee Quarterly fees pursuant to 28 U.S.C. §1930 and interest due thereon pursuant to 37 U.S.C. § 3717; (ii) fees and expenses of a Chapter 7 trustee in an amount not to exceed $10,000; (iii) the fees and expenses of the Debtor's retained professionals incurred and accrued on or prior to the entry of an Order of Confirmation (or a termination event as a result of an uncured Event of Default) to the extent that the amounts are approved by the Bankruptcy Court upon proper notice and motion, not to exceed in the aggregate the sum of $30,000; and (iv) all avoidance actions under Sections 544,

545, 547, 548, 549 and 550 of the Bankruptcy Code and the proceeds thereof (collectively, the "Carveout"). The Replacement Liens shall not attach to the Carveout as defined herein. SBA shall not be subject to the equitable doctrine of "marshalling" or any similar doctrine with respect to any collateral.

   d. <u>Modification of Automatic Stay</u>. The automatic stay provisions of section 362 are hereby modified to permit (a) the Debtor to implement and perform the terms of this Order; and (b) the Debtor to create and the SBA to perfect, to the extent permitted, the Replacement Liens and other liens granted hereunder, and the SBA shall not be required to file UCC financing statements or other instruments with any other filing authority to perfect the Liens granted by this Order or to take any other actions to perfect such Liens, which shall be deemed automatically perfected by the docketing of this Order by the Clerk of the Court. If however, the SBA elects for any reason to file, record or serve any such financing statements or other documents with respect to the Liens, the Debtor shall execute same upon the request of the SBA and the filing, recording or service thereof (as the case may be) shall be deemed to have been made at the time of the commencement of the chapter 11 case on the Petition Date; provided that any stay relief with respect to the exercise of remedies shall be in accordance with such provisions below or as otherwise ordered by the Court.

   e. Except to the extent permitted herein, the Debtor shall not sell, transfer, lease, encumber or otherwise dispose of any portion of the Collateral, including any cash collateral, without the prior written consent of the SBA (and no such consent shall be implied, from any other action, inaction or acquiescence by the SBA) and an order of this Court.

   f. Debtor shall promptly provide to the SBA any and all financial information reasonably requested by the SBA and shall permit the SBA, upon prior reasonable notice, to

review its books and records with respect to the subject matter of this Order, and make copies thereof during normal business hours.

g. Events of Default. The occurrence of any of the following events, unless waived by the SBA in writing, shall constitute an event of default and immediately terminate the Debtor's limited authorization under this Order to use cash collateral (collectively, the "Events of Default"), that is not cured by the Debtor within five ~~(5)~~ business days following delivery of written notice of such default (whether by fax, e-mail, U.S. Mail, or overnight delivery) to the Debtor's counsel and the Office of the United States Trustee:

   i. Failure by the Debtor to timely make an Adequate Protection Payment;

   ii. Use by the Debtor of cash collateral for any expenditures that are not in the ordinary course of the Debtor's business;

   iii. Except as set forth herein, the entry of any order by the Court granting relief from or modifying the automatic stay;

   iv. Dismissal of this Chapter 11 case or conversion of this Chapter 11 case to a Chapter 7 case, or appointment of a Chapter 11 trustee, or examiner with enlarged powers, or other responsible person; and/or

   v. A default by the Debtor in reporting financial or operational information as and when required under this Order or the Pre-Petition SBA Agreements.

h. <u>Reservation of Rights and Bar of Challenges and Claims</u>. The rights of the Debtor, any creditor, party in interest, Committee or trustee, to dispute or challenge the validity, perfection, extent, amount and priority of the SBA's claims and liens (collectively, a "Challenge") are expressly preserved.

   i. <u>No Third-Party Rights</u>. Except as explicitly provided for herein, this Order does not

create any rights for the benefit of any third party, creditor, equity holder or any direct, indirect, or incidental beneficiary.

j. <u>No Liability to Third Parties</u>. In not objecting to the Debtor's use of the SBA's cash collateral under the terms set forth herein or in taking any other actions related to this Order, the SBA (i) shall have no liability to any third party and shall not be deemed to be in control of the operations of the Debtor or to be acting as a "controlling person," "responsible person" or "owner or operator" with respect to the operation or management of the Debtor (as such term, or any similar terms, are used in the Internal Revenue Code, the United States Comprehensive Environmental Response, Compensation and Liability Act, as amended, or any similar Federal or state statute), and (ii) shall not owe any fiduciary duty to the Debtor, its creditors or its estate. The SBA's relationship with the Debtor shall not constitute or be deemed to constitute a joint venture or partnership with the Debtor.

k. <u>Rights Preserved</u>. Notwithstanding anything herein to the contrary, the entry of this Order is without prejudice to, and does not constitute a waiver of, expressly or implicitly: (a) the SBA's right to seek any other or supplemental relief in respect of the Debtor, including the right to seek additional adequate protection (without prejudice to any other person's right to object to or otherwise oppose such additional adequate protection); or (b) any of the rights of the SBA under the Bankruptcy Code or under non-bankruptcy law, including, without limitation, the right to (i) request modification of the automatic stay of Bankruptcy Code § 362, and (ii) request dismissal of the Chapter 11 case.

l. <u>Authorization</u>. Each of the undersigned represents and warrants that it has full and requisite power and authority to execute and deliver this Order. The Parties are authorized, empowered and directed to execute and deliver all other agreements, instruments and documents

and take any and all other actions in order to effectuate this Order.

      m.    <u>Survival</u>. The provisions of this Order and any actions taken pursuant hereto shall survive entry of any order that may be entered: (a) confirming any Chapter 11 plan in this case; (b) converting this Chapter 11 case to a case under Chapter 7 of the Bankruptcy Code; (c) dismissing this Chapter 11 case; or (d) pursuant to which this Court abstains from hearing this Chapter 11 case. The terms and provisions of this Order, including the claims, liens, security interests and other protections granted pursuant to this Order, notwithstanding the entry of any such order, shall continue and shall maintain priority as provided by this Order; and it is further

      **ORDERED,** that the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

      **ORDERED,** that this Court ~~shall~~ ***may*** retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.



Dated: Brooklyn, New York
March 13, 2024

_____
Elizabeth S. Stong
United States Bankruptcy Judge