**LAMONICA HERBST & MANISCALCO, LLP**
*Counsel for the Debtor and Debtor in Possession*
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
Tel. (516) 826-6500
Adam P. Wofse, Esq.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x

In re:                                                                  Chapter 11 (Subchapter V)

RISE DEVELOPMENT PARTNERS, LLC,             Case No. 23-44119 (ESS)

                             Debtor.
---------------------------------------------------------x

## DECLARATION OF LAWRENCE RAFALOVICH IN SUPPORT OF CONFIRMATION OF PLAN OF LIQUIDATION FOR SMALL BUSINESS UNDER SUBCHAPTER V OF CHAPTER 11

I, Lawrence Rafalovich, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury that the following is true and correct:

1. I am the President of the above-captioned debtor and debtor in possession (the "Debtor") herein. In this capacity, I am familiar with this case and the Debtor's financial affairs.

2. I submit this declaration in support of confirmation of the Debtor's *Amended Plan of Liquidation for Small Business Under Subchapter V of Chapter 11* (Doc. No. 83), as modified or amended (the "Plan")[1].

3. If I were called upon to testify, I would testify to the facts set forth herein. This declaration is based upon my personal knowledge, and consultation with counsel, except as otherwise stated.

4. I have reviewed and am familiar with the terms and provisions of the Debtor's Plan. Based upon my personal involvement in this case and the advice of counsel, I believe that the Plan

---

[1] Capitalized terms not defined herein shall be ascribed the meanings as set forth in the Plan.

complies with all applicable provisions of the Bankruptcy Code, that it was proposed in good faith, and that the Debtor, acting through its officers and professionals, conducted itself in a manner that complies with applicable law in relation to the formulation and negotiation of, and voting on, the Plan. Accordingly, I believe the Plan should be confirmed.

## BACKGROUND

5. On November 10, 2023, the Debtor filed a voluntary petition for reorganization under Subchapter V of Chapter 11 of title 11 of the United States Code ("Bankruptcy Code") with the United States Bankruptcy Court for the Eastern District of New York ("Court").

6. The Debtor continues to operate and manage its properties and affairs as a debtor in possession pursuant to Bankruptcy Code §§ 1107 and 1108.

7. Heidi Sorvino, Esq. has been appointed as the Subchapter V Trustee in this case. No other trustee, examiner, or committee has been appointed in this Subchapter V case.

8. Peter Kutner, CPA was retained as the accountant for the Debtor by Order of the Court.

9. The Debtor is a general contracting and commercial and residential construction company, primarily in the area of interior renovations and new construction.

10. The Debtor filed this Chapter 11 case based upon multiple lawsuits and cash flow constraints, in order to preserve and protect its assets, and complete its construction jobs to address its obligations to creditors.

11. The Plan is a plan of liquidation, which makes distributions to allowed claimants in accordance with the priorities of the Bankruptcy Code.

## I. THE PLAN COMPLIES WITH THE BANKRUPTCY CODE

12. <u>Section 1129(a)(1)</u>. The Plan complies with Section 1129(a)(1) of the Bankruptcy Code as it complies with each of the requirements set forth under the Bankruptcy Code, including without limitation, Sections 1122 and 1123 thereof.

   (a) <u>Section 1123(a)(1)</u>. Article II of the Plan designates the classification of Claims and Interests as required by Section 1123(a)(1) of the Bankruptcy Code. The classification complies with Section 1122(a) of the Bankruptcy Code because each Class contains only Claims or Interests that are substantially similar to each other. The classification created by the Plan is based upon the similar nature of claims or interests contained in each Class. I believe that the classification of Claims and Interests as set forth in the Plan is based upon the legal nature of the Claims and Interests and is not proposed for an improper purpose. It is my understanding that no objections have been filed or raised regarding the classification scheme set forth in the Plan.

   (b) <u>Section 1123(a)(2)</u>. Article IV of the Plan identifies whether each Class of Claims and Interests is impaired or not impaired under the Plan. Classes 1 and 3 are unimpaired, and Classes 2, 4 and 5 are impaired under the Plan.

   (c) <u>Section 1123(a)(3)</u>. Article IV of the Plan sets forth the treatment of each Class of Claims and Interests.

   (d) <u>Section 1123(a)(4)</u>. Article IV of the Plan provides that the treatment of each Claim or Interest in each particular Class is the same as the treatment of each other Claim or Interest in such Class, unless the holder of a particular Claim or Interest has agreed to a less favorable treatment of such particular Claim or Interest.

(e) <u>Section 1123(a)(5)</u>. The Plan sets forth the means for implementation of the Plan. Article VII of the Plan describes that the distributions under the Plan will be funded from the wind-down operations of the Debtor.

(f) <u>Section 1123(a)(6)</u>. The Debtor is not issuing any non-voting securities under the Plan.

(g) <u>Section 1123(a)(7)</u>. The management and operations of the company will continue to be implemented by Lawrence Rafalovich, the President of the Debtor. The Plan discloses that the Confirmed Debtor shall be the Disbursing Agent responsible for making any and all post-Confirmation payments required under the Plan. Given my substantial personal and technical knowledge of the Debtor's day-to-day operations and finances, I am ideally suited to serve in such capacity. Accordingly, the provisions of the Plan are consistent with the interests of creditors and with public policy with respect to selection of any officer, director or trustee under the Plan.

13. <u>Section 1129(a)(2)</u>. The Plan proponent has complied with all of the applicable provisions of the Bankruptcy Code, and exercised all the duties and obligations required of a debtor in possession. The Plan solicitation documents were transmitted to creditors as required, and I have reviewed the Affidavit of Service (Doc. No. 66) and certification of the tabulation of Plan ballots (Doc. No. 84) ("<u>Certification of Ballots</u>") with my counsel. Accordingly, it is my understanding that the Debtor has complied with Sections 1125 and 1126 of the Bankruptcy Code, and that Section 1129(a)(2) of the Bankruptcy Code is satisfied.

14. <u>Section 1129(a)(3)</u>. The Plan was negotiated and filed in good faith and not by any means prohibited by law. The Plan was filed with the legitimate and honest purpose of preserving

and maximizing the value of the Debtor's estate for the benefit of creditors through the Debtor's orderly liquidation.

15. <u>Section 1129(a)(4)</u>. Payments made or to be made by the Debtor for services or costs and expenses incurred in connection with the Chapter 11 case will only be paid upon Court approval as reasonable.

16. <u>Section 1129(a)(5)</u>. The Plan discloses that I am the President of the Debtor. The Plan further discloses that the Confirmed Debtor shall be the Disbursing Agent responsible for making any and all post-Confirmation payments required under the Plan, which will be effectuated by me, with the guidance of counsel. I believe that I am best suited to facilitate and continue the Debtor's wind-down in a similar manner as I have done during the debtor in possession period, as I am most familiar with the Debtor's operations and finances. I believe this is consistent with the best interests of creditors, as well as with public policy.

17. <u>Section 1129(a)(6)</u>. I am advised that Section 1129(a)(6) of the Bankruptcy Code, which requires that any governmental regulatory commission with jurisdiction over the rates of a debtor has approved a rate change provided for in a plan, is inapplicable in this case.

18. <u>Section 1129(a)(7)</u>. The Plan designates Classes 2, 4 and 5 as the impaired classes. As set forth in the Certification of Ballots, Class 4 has voted and accepted the Plan. Classes 1 and 3 are unimpaired under the Plan, and therefore, are deemed to accept the Plan pursuant to Section 1126(f) of the Bankruptcy Code. As further set forth in the Certification of Ballots, Class 2 did not vote. Class 5 is deemed to have rejected the Plan pursuant to Section 1126(g) of the Bankruptcy Code. Each holder of a Claim or Interest under each of the Classes set forth in the Plan has either accepted the Plan or will receive or retain under the Plan on account of such Claim property of a value that is not less than the amount that such holder would receive or retain if the

Debtor was liquidated under chapter 7 of the Bankruptcy Code. In this Chapter 11 case, as set forth in the liquidation analysis attached to the Plan, creditors receive not less than they otherwise would receive in a Chapter 7 liquidation. Indeed, under the Plan, certain Classes of Claims receive more than they otherwise would in a Chapter 7 liquidation.

19. <u>Section 1129(a)(8)</u>. Under Section 1191(b) of the Bankruptcy Code, applicable in this case, this requirement is excepted from compliance. Section 1129(b) also excepts satisfaction of this requirement.

20. <u>Section 1129(a)(9)</u>. The Plan provides that all holders of Allowed Priority Tax Claims will be paid in accordance with section 1129(a)(9)(C).

21. <u>Section 1129(a)(10)</u>. At least one impaired Class of Claims entitled to vote on the Plan (Class 4) has accepted the Plan.

22. <u>Section 1129(a)(11)</u>. For purposes of demonstrating this requirement, the Debtor has prepared projected financial information attached as <u>Exhibit B</u> to the Plan ("<u>Projections</u>"), which reflects that the Debtor will have projected disposable income by virtue of its orderly liquidation to make the distributions to the creditors. As set forth in the Projections, I believe that the Debtor will have sufficient funds to make the distributions required under the Plan while maintaining working capital sufficient to support its ongoing wind-down operations after the Effective Date to meet its post-Effective Date obligations. Accordingly, I believe that the Plan is feasible and that confirmation of the liquidating Plan is not likely to be followed by the need for any further financial reorganization or liquidation of the Debtor. I believe that the Plan provides for a reasonable assurance of success in this regard. The Projections are reasonable and credible as of the dates the analysis was prepared, and there are no material changes to the same as of the date of this declaration.

23. <u>Section 1129(a)(12)</u>. The Plan provides for the payment of all fees payable pursuant to 28 U.S.C. § 1930 prior to or upon the Effective Date.

24. <u>Section 1129(a)(13)</u>. I am advised that Section 1129(a)(13) of the Bankruptcy Code, regarding retiree benefits, is inapplicable in this case.

25. <u>Section 1129(a)(14)</u>. I am advised that Section 1129(a)(13) of the Bankruptcy Code, regarding payment of domestic support obligations, is inapplicable in this case.

26. <u>Section 1129(a)(15)</u>. I am advised that Section 1129(a)(13) of the Bankruptcy Code is inapplicable as it only applies to a case in which the debtor is an individual.

27. <u>Section 1129(a)(16)</u>. I am advised that Section 1129(a)(16) of the Bankruptcy Code, regarding transfer of property by a corporation or trust that is not a moneyed, business, or commercial corporation or trust, is inapplicable in this case.

28. <u>Section 1129(d)</u>. The principal purpose of the Plan is not for the avoidance of taxes or the avoidance of the application of Section 5 of the Securities Act of 1933.

**Requirements for a Subchapter V Plan**

29. <u>Section 1190</u>. The Plan provides a brief history of the business operations of the Debtor. The Plan also provides a liquidation analysis as <u>Exhibit A</u> and projections under the Plan as <u>Exhibit B</u>.

30. <u>Section 1191</u>. It is my understanding that Plan confirmation is being sought on a nonconsensual basis. Plan confirmation is being sought pursuant to Section 1129(b) and/or 1191(b) of the Bankruptcy Code (nonconsensual "cramdown"). Section 1129(a)(10) has been satisfied by virtue of impaired Class 4 having voted to accept the Plan, and the Plan does not discriminate unfairly, and is fair and equitable, with respect to each class of Claims or Interests that is impaired under, and has not accepted, the Plan, in that the Plan is a liquidating Plan that makes distributions

to creditors in accordance with priorities of the Bankruptcy Code. The Plan may be approved under Section 1191 as a liquidating Plan that does not discriminate unfairly, and is fair and equitable, with respect to each class of Claims or Interests that is impaired under, and has not accepted, the Plan, in that the Plan provides all of its disposable income for the orderly liquidating Plan. Plan payments to creditors will be made by the Confirmed Debtor, under the guidance of its counsel. Further, as set forth in the Projections, the Debtor will be able to make all payments under the Plan.

## II.  CONCLUSION

31.  Based upon the foregoing, I believe that the Plan satisfies the requirements of Sections 1129(b), 1190 and 1191 of the Bankruptcy Code, and should be confirmed.

32.  Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that, to the best of my knowledge, the foregoing is true and correct.

Dated: April 9, 2024                                                        */s/ Lawrence Rafalovich*
                                                                                        LAWRENCE RAFALOVICH