UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------x

In re:                                                    Chapter 11 (Subchapter V)

RISE DEVELOPMENT PARTNERS, LLC,                           Case No. 23-44119 (ESS)

                              Debtor.
------------------------------------x

## ORDER CONFIRMING
## <u>CHAPTER 11 PLAN OF LIQUIDATION</u>

UPON the Amended Plan of Liquidation proposed by Rise Development Partners, LLC, the debtor (the "Debtor"), (the "Plan") [Docket No. 83], together with all exhibits thereto, pursuant to Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"), having been filed with this Court; and notice of the hearing on confirmation (the "Hearing") of the Plan and a copy of the Plan having been duly transmitted to creditors in accordance with Section 1128 of the Bankruptcy Code; and upon the summary and certification of ballots (the "Certification of Ballots") [Docket No. 84] evidencing the votes cast to accept or reject the Plan; and no objections to the confirmation of the Plan having been filed or received; and upon the declaration (the "Declaration") filed on behalf of the Debtor in support of confirmation of the Plan; and upon the Hearing on confirmation ("Confirmation") held before the Honorable Elizabeth S. Stong, United States Bankruptcy Judge, Eastern District of New York, on April 11, 2024***, at which the Debtor, John Deere Construction & Forestry Company, and the United States Trustee appeared and were heard***; and upon the record (the "Record") made at the Hearing, the transcript of which is incorporated herein; and it having been determined at the Hearing that the requirements for Confirmation set forth in Sections 1123, 1129, 1190 and 1191 of the Bankruptcy Code having been satisfied:

**THE COURT FINDS AND CONCLUDES[1] THAT:**

A.      Confirmation of the Plan arises under a case commenced under the Bankruptcy Code and is a proceeding in a case within the meaning of 28 U.S.C. §1334(b).

B.      Venue of this proceeding in this district is proper pursuant to 28 U.S.C. §1409.

C.      Proper, timely and adequate notice of the Confirmation Hearing, and the right to file objections to confirmation of the Plan, have been provided in accordance with Sections 102 and 105 of the Bankruptcy Code, and Bankruptcy Rules 2002 and 3020, and no further or other notice of the Confirmation Hearing or the entry of this Order is required.

D.      All interested parties, including all known creditors of the Debtor, had a reasonable opportunity to object or otherwise be heard with respect to the Confirmation of the Plan.

E.      The Plan is feasible as a liquidating plan, and is not likely to be followed by any further financial reorganization of the Debtor.

F.      The Plan complies with all applicable provisions of the Bankruptcy Code, generally, and with Sections 1123, 1129, 1190 and 1191 of the Bankruptcy Code, specifically.

G.      Under the Plan, two (2) Classes of creditor Claims and (1) Class of Interests are impaired, and based upon the solicitation and casting of votes, as evidenced by the Certification of Ballots, impaired Class 4 voted in favor of the Plan.

H.      In accordance with Bankruptcy Rule 3020(b)(2) and the Declaration, the Plan has been proposed in good faith and not by any means forbidden by law.

I.      The Plan does not discriminate unfairly, and is fair and equitable, with respect to

---

[1] In accordance with Rules 7052 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Court makes the following findings of fact and conclusions of law which support confirmation of the Plan.  To the extent any finding of fact contained herein shall later be determined to be a conclusion of law, it shall be so deemed and to the extent any conclusion of law contained herein shall later be determined to be a finding of fact it shall be so deemed.  All capitalized terms not defined herein shall have the same meanings as ascribed in the Plan.

each Class of Claims or Interests that is impaired under, and has not accepted, the Plan.

J.      The Debtor properly authorized the Plan and has consented to entry of this Order.

**IT IS, THEREFORE ORDERED that:**

1.      The Plan, as described on the record of the Confirmation Hearing and annexed as Exhibit "A", is confirmed in accordance with Sections 1123, 1129, 1141, 1190 and 1191 of the Bankruptcy Code.

2.      The foregoing findings are incorporated into the decretal paragraphs of this Order by reference and constitute orders of the Court.

3.      Any and all objections to the Plan not previously resolved or withdrawn, whether filed or not, are overruled.

4.      In accordance with the Plan, the Debtor (the "Confirmed Debtor") will serve as the Disbursing Agent under the Plan.

5.      The subchapter V trustee, Heidi J. Sorvino, Esq., is hereby discharged of her obligations in this case.

6.      Except as otherwise expressly provided in the Plan or in this Confirmation Order, for distributions required to be paid or delivered pursuant to the Plan or this Confirmation Order, effective on the date hereof, all persons or entities who have held, hold, or may hold Claims against the Debtor or its assets are permanently enjoined from taking any of the following actions on account of such Claims: (a) commencing or continuing in any manner any action or other proceeding on account of such Claims against any assets or property of the Debtor's and/or Confirmed Debtor's estate(s), or property that is to be distributed under the Plan; or (b) enforcing, attaching, collecting or recovering in any manner any judgment, award, decree, or order against

any assets or property of the Debtor's and/or Confirmed Debtor's estate(s), or property to be distributed to creditors or claimants under the Plan.

7.      Any Claims that were not filed on or before the respective deadlines set forth in this case shall not participate in any distribution under the Plan and shall be forever barred, and neither the Debtor, the Confirmed Debtor, nor their estates, nor any disbursing or distributing agent, nor any professional person employed by any of the foregoing shall have any liability therefor or with respect thereto.

8.      The Confirmed Debtor shall comply with all reporting requirements for a confirmed Chapter 11 Debtor under Subchapter V of Chapter 11 of the Bankruptcy Code until the entry of a final decree.

9.      A certified copy of this Order may be filed with the appropriate clerk and/or recorded with the recorder, including without limitation, to act to cancel any encumbrances of record. This Order is and shall be binding upon and govern the acts of all persons and entities, including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in property, including any leased property or lease; and each of the foregoing persons and entities is hereby directed to accept for filing any and all of the documents and instruments necessary and appropriate to consummate any transactions in connection with and/or contemplated by the Plan.

10.     The terms and provisions of this Order, shall be binding in all respects upon, and shall inure to the benefit of, the Debtor, the Confirmed Debtor, its/their successors and assigns, and shall be binding in all respects upon all creditors, whether or not such creditor accepted the Plan, and any affected third parties.

11.     The Debtor, the Confirmed Debtor, and any professional employed thereby, are authorized and empowered to expend such funds, take all such actions, and execute and deliver any and all documents as reasonably necessary to implement the terms of this Order and the Plan.

12.     The Court ~~shall~~ ***may*** retain jurisdiction to, among other things, interpret, adjudicate, implement, and enforce the terms and provisions of this Order and the Plan.

~~13.     Pursuant to Bankruptcy Rule 3020(e), this Order and the relief granted herein shall not be stayed until the expiration of fourteen (14) days after entry, and this Order shall be effective immediately upon its entry.~~

Dated: Brooklyn, New York
      April 23, 2024



_____
**Elizabeth S. Stong**
**United States Bankruptcy Judge**